UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICIA NILSON and ROBERT NILSON                        PLAINTIFFS

V.                                        CIVIL ACTION NO.1:07CV0990 LTS-RHW

NATIONWIDE MUTUAL INSURANCE CO., ET AL.                   DEFENDANTS

<u>MEMORANDUM OPINION</u>

The Court has before it Plaintiffs Patricia and Robert Nilson's (the Nilsons) motion [9] to remand this action to the Circuit Court of Hancock County, Mississippi. For the reasons set out below this motion will be denied.

At all relevant times, Plaintiffs owned a residence situated at 137 Mapunapuna Drive, Diamondhead, Mississippi.  At the time Hurricane Katrina damaged this property it was insured under two policies issued by Nationwide Mutual Insurance Company (Nationwide). The Nilsons purchased both policies through a local Nationwide agent, Defendant William G. Hewes, III (Hewes).  Nationwide homeowners policy MP 667106 provided coverage limits of $185,900 (dwelling), $18,590 (other structures), $137,775 (personal property) and $37,180 (loss of use).  A Standard Flood Insurance Policy (SFIP) issued by Nationwide, policy number 63 23 727653, provided coverage limits of $142,800 (structure) and $60,800 (contents).

The Nilsons' SFIP was issued under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq*.  Nationwide issued this flood policy as a Write-Your-Own carrier participating in the National Flood Insurance Program under 42 U.S.C. §4071(a). Nationwide has paid the flood insurance policy limits, and the amount, if any, Nationwide owes under its homeowners policy is in dispute.  The Nilsons filed this action in the Circuit Court of Hancock County, Mississippi, alleging various theories of recovery against both Nationwide and Hewes.  The defendants removed this action on two grounds: diversity of citizenship, based on the theory that Hewes was improperly joined as a party defendant; and federal question, based on the theory that allegations in the Nilsons' complaint concerning administration of their flood insurance policy bring this action within exclusive federal jurisdiction.

The common Mississippi citizenship of the Nilsons and Hewes prevents this Court's acquiring subject matter jurisdiction based on diversity of citizenship, and it is unnecessary at this juncture to decide the question whether Hewes has been properly joined as a party defendant.  The allegations of the complaint concerning Nationwide and Hewes' actions with respect to the Nilsons' SFIP lie within this Court's federal

question jurisdiction, and removal from Circuit Court is therefore proper. 42 U.S.C. §4053

The Nilsons allege that their flood insurance was inadequate to cover the damage to their property.  They assert that Nationwide and Hewes are legally responsible for this shortfall, and, in support of this assertion, they have attached to their complaint, as Exhibit C, an August 19, 2005, letter from their mortgagee, Washington Mutual, informing them that their flood insurance is insufficient to comply with federal law.  This correspondence appears to me to be a form letter asking for proof of adequate flood insurance and explaining that unless such proof is forthcoming it will be necessary for Washington Mutual to secure "lender placed coverage for the increased amount required to protect our mutual interest in the [Nilsons'] property [securing loan number 8013649317]."  I note that this letter, Exhibit C to the complaint, is dated only ten days before Hurricane Katrina made landfall.

The complaint alleges that "Plaintiffs contacted the Defendant Hewes [sic] office approximately once a year when they began to receive notices from their mortgage company that their flood insurance policy benefit amount were [sic] insufficient for their needs. (See Exhibit C) Defendant Hewes and staff assured Plaintiffs that was incorrect and, upon information and belief, even sent documentation to the mortgage company, Washington Mutual, confirming that Plaintiffs' [sic] were fully covered for any event." (Complaint Paragraph 16) The complaint also alleges that "Defendant Agent Hewes [sic] breach [of his duty as the plaintiffs insurance agent] was reckless and wanton inasmuch as the Plaintiffs provided actual notice from the Plaintiffs' mortgage company that the flood insurance coverage was insufficient." (Complaint Paragraph 45) The plaintiffs assert that Hewes' "negligence and/or gross negligence" proximately caused the damages they have alleged. (Complaint Paragraph 48) The complaint alleges that Nationwide is legally responsible for Hewes' actions. (Complaint Paragraph 11)

Since a SFIP was in place for the Nilsons' property at the time of the storm, I construe these allegations of the complaint to encompass a claim that Hewes and Nationwide improperly administered the plaintiffs' SFIP by failing to properly respond to the admonitions of Washington Mutual that the Nilsons' SFIP did not provide adequate flood insurance coverage.  These allegations establish this Court's exclusive subject matter jurisdiction under 42 U.S.C. §4053.

While the Nilsons' claims based on the negligent administration of their SFIP are unusual, Congress has consigned the power to adjudicate the merits of their claims exclusively to the federal courts.  Accordingly, the Nilsons' motion [9] to remand will be denied.  An appropriate order will be entered.

**DECIDED** this 6th day of August, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE