IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PATRICIA NILSON AND ROBERT
NILSON                                                                                   PLAINTIFFS

v.                                                                     Civil Action No. 1:07cv990 LTS-MTP

NATIONWIDE MUTUAL INSURANCE
CO., WILLIAM G. HEWES, III,
INDIVIDUALLY AND AS AGENT OF
NATIONWIDE MUTUAL INSURANCE
COMPANY, AND JOHN DOES 1-10                                                    DEFENDANTS

**ORDER**

This matter is before the court on a Motion to Compel Discovery of Emotional Distress Claims [48] filed by Defendants. In the motion, Defendant request that Plaintiffs be ordered to execute a medical release allowing it to conduct discovery on Plaintiffs' claims for emotional distress and mental anguish or, in the alternative, to strike these claims. Having considered the matter, the court finds that the motion should be granted in part and denied in part, as set forth below.

Plaintiffs filed this lawsuit on July 6, 2007, seeking damages for, *inter alia*, negligent and/or intentional infliction of emotional distress, based on Defendant's denial of their claim under their homeowner's policy for damage to their property allegedly caused by Hurricane Katrina. *See* Compl. [1-2] ¶¶ 70-72. The discovery deadline is set to expire on May 11, 2009.[1]

---

[1] The original discovery deadline, as set forth in the Case Management Order [24], was May 4, 2009. On March 26, 2009, the parties filed a Joint Motion to Extend Discovery Deadline [42] until June 4, 2009. By Order [47] entered April 2, 2009, the court granted in part and denied in part the motion. The court found that a one month extension would not leave sufficient time for full briefing and consideration of motions prior to the pretrial conference, and that good cause had not been shown for such an extension. The court did, however, extend the discovery deadline for one week - until May 11, 2009. The court ordered that all other deadlines in the Case Management Order [24] were to remain in place.

The deadline for the filing of dispositive motions is May 18, 2009, and the case is set for a jury trial for a term beginning September 8, 2009.

In their Pre-Discovery Disclosure (Exh. 2 to Motion to Compel), served on September 24, 2008, Plaintiffs stated that they were seeking "[c]ompensatory damages for mental anguish and emotional distress in an amount to be determined by the trier of fact." Plaintiffs provided no calculation of damages nor identified any damages to support their emotional distress claims.[2] Thereafter, on January 21, 2009, Defendant propounded its First Set of Interrogatories on Plaintiffs, in which it requested, *inter alia*, that Plaintiffs "[e]xplain in detail the mental anguish and emotional distress referenced in your Complaint, including but not limited to all symptoms, physical manifestations, and believed causes thereof," and to "identify all witnesses and documents referring or relating thereto." *See* Defendant's First Set of Interrogatories (Exh. 3 to Motion to Compel) at Nos. 17, 20. Defendant also requested that Plaintiffs identify any medical personnel who may have provided advice or treatment for any emotional distress and/or mental anguish and requested documentation supporting these claims. *See id.* at No. 21; *see also* Defendant's First Set of Requests for Production (Exh. 4 to Motion to Compel) at Nos. 23-24.

Plaintiffs' responses to Defendant's discovery requests were due on February 20, 2009. *See* Fed. R. Civ. P. 33 & 34. When Plaintiffs had failed to respond, and after attempting unsuccessfully to resolve this matter without court intervention, Defendant filed a Motion to Compel on March 26, 2009 [41]. Plaintiffs then served their responses to Defendant's discovery requests on March 30, 2009. In response to Defendant's Interrogatory regarding Plaintiffs'

---

[2] Fed. R. Civ. P. 26(a)(1) states that a party must, as part of its required initial disclosures, provide to the other party, *inter alia*: the name of each individual likely to have discoverable information about its claims and defenses; a copy or description of all documents the party may use to support its claims or defenses; and a computation of each category of damages and the documents on which those computations are based.

emotional distress claims, Plaintiffs stated Ms. Nilson is being treated by her primary care physician Dr. Galbraith.  With respect to Defendant's request for documentation to support this claim, Plaintiffs merely stated: "Plaintiffs will supplement."  *See* Exhs. 5 & 6 to Motion to Compel.  Upon receiving these responses, Defendant requested by letter dated April 1, 2009 that Plaintiffs supply a medical release form to allow access to their medical records.  *See* Exh. 7 to Motion to Compel.  On April 2, 2009, following a telephonic hearing on the Motion to Compel, the court entered an Order [47] denying the Motion to Compel as moot, as counsel for Nationwide indicated that responses to the discovery requests at issue in the motion had been served.

At the time the instant Motion to Compel was filed (April 13, 2009),  Plaintiffs had not yet supplied a medical release form for either Plaintiff.  On the same day Plaintiffs filed their Response [63] to the Motion to Compel (April 21, 2009), they supplied a release for Plaintiff Patricia Nilson.  They did not supply one for Plaintiff Robert Nilson - presumably because, as stated in their Response, Mr. Nilson testified at his deposition that he had not sought medical treatment for emotional distress, nor did he intend to do so.  *See* Response [63] at 1.

This court has broad discretion to exercise its various sanctioning powers.  *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court.") (citation omitted).  Rule 37(b)(2)(A)(v) permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery, including dismissing the action in whole or in part. To support the severest sanctions under Rule 37(b) - dismissal - the Fifth Circuit has generally required the following findings:  bad faith or willful conduct accompanied by a clear record of delay or contumacious conduct; that the violation be attributable to the client instead of the attorney; that the violating party's misconduct cause substantial

prejudice to the opposing party; and that less drastic sanctions would not substantially achieve the desired deterrent effect. *See FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).

With respect to Plaintiff Robert Nilson's claim for emotional distress, Plaintiffs have not provided Defendant with a medical waiver form nor have they otherwise supplemented their discovery responses. There is only one week remaining before the discovery deadline, and Defendant would clearly be prejudiced if Plaintiffs were allowed to pursue a claim at trial which they were unable to explore during discovery because of Plaintiffs' failure to abide by their discovery or disclosure obligations. Accordingly, as a sanction, the court will "prohibit[ ] [Mr. Nilson] from supporting" this claim at trial or on any dispositive motion. Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also* Fed. R. Civ. P. 37(c)(1) & 37(d).[3]

However, the court reaches a different conclusion with respect to Plaintiff Patricia Nilson. The court is certainly troubled by the lengthy, if not strategic, delay in providing Ms. Nilson's medical release. Indeed, Plaintiffs did not produce it to Defendant until the eve of the discovery deadline - after Defendant was forced to seek the court's involvement by filing the instant motion. Nevertheless, dismissal with prejudice is a "draconian remedy" and a "remedy of last resort." *Merritt v. United Parcel Serv., Inc.*, 2008 WL 160702, at * 2 (S.D. Miss. Jan. 15, 2008) (*citing Conner*, *supra*). Although the court in no way condones Plaintiffs' delay tactics, having balanced the applicable factors, the court does not find that the "draconian remedy" of dismissal without prejudice is necessary or warranted. Defendant has been in possession of Ms. Nilson's medical release form for approximately two weeks. It appears from the docket that Defendant will be

---

[3] In their Response [63], Plaintiffs indicate that they are not seeking such damages with respect to Mr. Nilson, as Mr. Nilson testified at his deposition that he had not sought medical treatment for emotional distress, nor did he intend to do so. Nevertheless, lest there be any confusion, the court orders that Mr. Nilson may not support any claim for emotional distress at trial or on any dispositive motion.

deposing Dr. Galbraith - the physician identified by Plaintiffs with respect to Ms. Nilson's emotional distress claims - on May 7, 2009. *See* Notice of Video Deposition [56]. Defendant does argue that it has been prejudiced by the late disclosure because it was unable to question Plaintiffs at their depositions about their medical records. Thus, should Defendant deem it necessary to re-open Ms. Nilson's deposition to question her about any medical records provided or obtained after her initial deposition, Defendant may do so, at Plaintiffs' cost.[4] The discovery deadline shall be extended to May 15, 2009 for this limited purpose only. The dispositive motions deadline shall be extended to May 22, 2009. All other case deadlines remain unchanged.

IT IS, THEREFORE, ORDERED that Defendants' Motion to Compel Discovery of Emotional Distress Claims [48] is granted in part and denied in part. Plaintiff Robert Nilson shall be prohibited from supporting any claim for emotional distress at trial or on any dispositive motion.

IT IS FURTHER ORDERED that should Defendant desire to re-open Ms. Nilson's deposition, it may do so by May 15, 2009, at Plaintiffs' cost. The discovery deadline shall be extended to May 15, 2009 for this limited purpose only, and the dispositive motions deadline shall be extended to May 22, 2009. All other case deadlines shall remain unchanged. The parties are directed to confer immediately in order to schedule Ms. Nilson's deposition, and Ms. Nilson is ordered to make herself available for such deposition by May 15, 2009.

SO ORDERED this 6th day of May, 2009.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge

---

[4] After the deposition, Defendant may submit an application to the court for the reasonable attorney's fees and costs incurred by Defendant as a result of re-opening Ms. Nilson's deposition.

5