# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

PATRICIA NILSON AND ROBERT
NILSON                                                                                          PLAINTIFFS

v.                                                                          Civil Action No. 1:07cv990 LTS-MTP

NATIONWIDE MUTUAL INSURANCE
CO., WILLIAM G. HEWES, III,
INDIVIDUALLY AND AS AGENT OF
NATIONWIDE MUTUAL INSURANCE
COMPANY, AND JOHN DOES 1-10                                              DEFENDANTS

## ORDER ON MOTIONS

This matter is before the court on a several last-minute discovery motions filed by the parties. Having reviewed the submissions of the parties and the entire record in this matter, and having heard the argument of counsel during a telephonic hearing, the court hereby finds and orders as follows:

1. Plaintiff's Motion for Protective Order [101] is denied. In an Order [87] filed on May 6, 2009, this court ordered that Defendants could re-open Ms. Nilson's deposition to question her about any medical records provided or obtained after her initial deposition. Defendants have apparently noticed a second deposition of Ms. Nilson for May 14, 2009. In the instant motion, Plaintiff requests that her deposition be cancelled or further limited. However, the court sees no reason to re-visit its earlier decision and, therefore, for the reasons set forth in its Order [87], Ms. Nilson's second deposition may go forward as scheduled. The court reiterates that this second deposition is for a limited purpose only - to question Ms. Nilson regarding her claim for emotional distress.

Plaintiff also requests that Defendants either bear their own costs in deposing Plaintiff or,

in the alternative, take measures to minimize costs. The court has already ordered that Plaintiffs are to bear the costs of this second deposition and reiterates that ruling herein. As for Plaintiffs' arguments over what costs should be incurred or what costs are reasonable for the deposition, the court finds these to be premature. As set forth in the court's Order [87], after the deposition, Defendants may submit an application to the court for their reasonable attorneys' fees and costs. Thus, if and when Defendants submit an application for their fees and costs, Plaintiffs may respond and the court will determine what fees are reasonable and compensable.

2. Defendants' Motion for Extension of Motions Deadline and Leave of Court to Conduct Two Depositions Out of Time [88] is granted in part and denied in part.

Defendants' request to extend the motions deadline is denied. The motions deadline has previously been extended [87], and the court finds no reason to extend it further. The case is set for trial for a term beginning September 8, 2009, and will likely be set for a pre-trial conference in August. In light of these case deadlines, any further extensions of the dispositive motions deadline are simply not feasible. Moreover, Defendants have failed to establish good cause for their request. The additional discovery that was granted by the court in its May 6, 2009 Order [87] and in this Order is extremely limited and does not justify a further extension of the motions deadline.

Defendants' request to take the deposition of Washington Mutual out of time is also denied. Washington Mutual's involvement with or connection to this case has been known for some time, and Defendants' attempt to depose Washington Mutual simply comes too late.[1] The

---

[1] During the telephonic hearing, Defendants indicated that they had recently issued a subpoena to Washington Mutual to produce documents. If and when Washington Mutual produces documents in response to the subpoena, Defendants are to provide a copy of these documents to Plaintiffs. Nothing in this Order shall be construed as in any way limiting or affecting the parties' ability to utilize these documents either in support of or in opposition to a

extended discovery deadline expired on May 11, 2009 and, except for the limited purposes set forth in this court's May 6, 2009 Order [102] and herein, shall not be extended further.

However, Defendants' request to take the deposition of Joel Salisbury shall be granted. It appears that Defendants have made efforts[2] to depose Mr. Salisbury before the expiration of the discovery deadline. Moreover, Defendants indicate that Mr. Salisbury's deposition is not necessary for summary judgment briefing. Accordingly, Defendants shall have until June 5, 2009 to take Mr. Salisbury's deposition. The parties are directed to confer in good faith to coordinate scheduling Mr. Salisbury's deposition.

3. Plaintiffs' Motion to Compel Deposition of Richard Dougherty [99] is denied. Plaintiffs have known about Mr. Dougherty since he was identified in privilege logs in September 2008.[3] As noted *supra*, the discovery deadline expired on May 11, 2009, and it shall not be extended further, except for the limited purposes previously identified.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Protective Order [101] is

---

dispositive motion, or at trial.

[2] A subpoena was issued for Mr. Salisbury to appear at a deposition on April 24, 2009. Defendants' counsel were informed by their process server that Mr. Salisbury was served with the subpoena on April 16, 2009. Mr. Salisbury did not appear for his deposition. Defendants' counsel contacted Plaintiffs' counsel in an attempt to verify Mr. Salisbury's address and obtain his telephone number, but received no response. Prior to the deposition, one of Plaintiffs' attorneys (Rose Hurder) apparently informed Defendants' counsel that it was her understanding that Mr. Salisbury would be present at the deposition, that she did in fact have Mr. Salisbury's telephone number, and that she had called Mr. Salisbury at that number and had left a message. When Mr. Salisbury had not appeared, Ms. Hurder called Mr. Salisbury again, who told her that he was out of town and had never been served. Defendants then contacted their process server and learned that they had mistakenly indicated that Mr. Salisbury had been served when, in fact, he had not. *See* ecf. doc. no. 88-5.

[3] Plaintiffs' argument that Defendants should have disclosed Mr. Dougherty in their Rule 26(a)(1) initial disclosures is unavailing. Defendants were only obligated to disclose those individuals that they "may use to support [their] claims or defenses." Defendants do not intend to so use Mr. Dougherty and, therefore, they were not required to identify him in their initial disclosures.

3

denied, that Defendants' Motion for Extension of Motions Deadline and Leave of Court to Conduct Two Depositions Out of Time [88] is granted in part and denied in part as set forth supra, and that Plaintiffs' Motion to Compel Deposition of Richard Dougherty [99] is denied.

SO ORDERED this 12th day of May, 2009.

s/ Michael T. Parker  
United States Magistrate Judge